UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIUS WILSON,

       Plaintiff,                        CIVIL ACTION NO. 12-CV-15652

   vs.

                                        DISTRICT JUDGE PAUL D. BORMAN

MICHIGAN DEPARTMENT          MAGISTRATE JUDGE MONA K. MAJZOUB
OF CORRECTIONS, et. al,

       Defendants.
_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR AN ORDER TO COMPEL DISCOVERY (DOCKET NO. 15) AND GRANTING IN PART DEFENDANT MICHIGAN DEPARTMENT OF CORRECTIONS' MOTION TO STAY DISCOVERY (DOCKET NO. 17)**

This matter comes before the Court on two motions. The first motion is Plaintiff's motion for an order to obtain discovery from Defendant Michigan Department of Corrections ("MDOC"). (Docket no. 15). The second motion is Defendant MDOC's motion to stay discovery. (Docket no. 17). No responses have been filed to either motion and the time for responding has expired. All pretrial matters have been referred to the undersigned for action. (Docket no. 6). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). These matters are now ready for ruling.

Plaintiff filed this *pro se* civil rights action on December 26, 2012 against the MDOC and three prison dentists pursuant to 42 U.S.C. § 1983 and state law. (Docket no. 1). On February 15, 2013 counsel appeared on behalf of Defendant MDOC. (Docket no. 11). On February 28, 2013 the Court received Plaintiff's motion to compel discovery and entered it on the docket. The motion

shows that Plaintiff mailed the motion from the prison on or around February 25, 2013, just ten days after the MDOC appeared by counsel in this action. (Docket no. 15). The motion further shows that Plaintiff served the MDOC with his first Request for Production of Documents sometime in February 2013 seeking responses to six document requests. (Docket no. 15). Plaintiff now moves for an order compelling responses to his discovery requests. Defendant MDOC has since filed a motion to stay discovery on the grounds that it's pending motion to dismiss demonstrates that it should be dismissed from this action based on Eleventh Amendment immunity. (Docket nos. 12, 17).

Federal Rule of Civil Procedure 34 states that a party has thirty days after it is served in which to respond to a Request for Production. Fed. R. Civ. P. 34(b)(2)(A). Plaintiff mailed his motion to compel from the prison ten days after counsel appeared in this litigation on behalf of Defendant MDOC. It is therefore apparent that Plaintiff has not allowed Defendant MDOC the thirty-day period to respond before he filed this motion to compel. Thus, Plaintiff's motion was filed prematurely. Discovery should be served and responded to among the parties without court involvement unless a problem develops which requires court intervention. In the future Plaintiff is expected to attempt to obtain responses to his discovery requests from Defendants within the time frame permitted under the Federal Rules before he files a motion to compel with the Court.

Federal Rule of Civil Procedure 26(b)(2)(C)(iii) provides that the Court must limit the extent of discovery if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving the issues." Federal courts have broad discretion over discovery matters. *Trepel v. Roadway Express, Inc.*, 194 F.3d 708,

716 (6th Cir. 1999).

The record shows that the U.S. Marshal Service has made several attempts to serve Defendant Davis without success. During the last service attempt, Defendant Davis' waiver of service was returned unexecuted with a notice stating that the MDOC does not have a record of a dentist named Robert Davis and cannot identify the Defendant. (Docket entry dated 4/22/2013). Plaintiff has asked for copies of his medical and dental records in his Request for Production of Documents. The medical and dental records may assist Plaintiff in identifying the name of the proper Defendant to serve in lieu of Defendant Davis and thus help facilitate service of process in this litigation. Therefore, the Court will grant Plaintiff's motion to compel with regard to his requests for his medical and dental records only. In all other respects, Plaintiff's motion to compel discovery from Defendant MDOC will be denied as premature.

With regard to Defendant MDOC's motion to stay discovery, the Court finds merit in Defendant's argument that discovery should be stayed until such time as a ruling is entered on its pending motion to dismiss. Therefore, the Court will grant Defendant's motion to stay with the exception that Defendant MDOC will be ordered to produce copies of Plaintiff's medical and dental records. If the Court concludes that it should grant Defendant MDOC's motion and dismiss the MDOC from this action, Plaintiff may obtain any necessary discovery from the MDOC in accordance with Federal Rule of Civil Procedure 45.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for an order to obtain discovery from Defendant MDOC (docket no. 15) is **GRANTED IN PART**. On or before June 14, 2013 Defendant MDOC must serve on Plaintiff copies of Plaintiff's medical and dental records in response to Plaintiff's Request for Production of Documents nos. A and B. In all other respects,

Plaintiff's motion to compel is denied as premature.

**IT IS FURTHER ORDERED** that Defendant MDOC's motion to stay discovery (docket no. 17) is **GRANTED IN PART** as provided in this order. Discovery as to Defendant MDOC is stayed until such time as a final order is entered by the district court on the motion to dismiss filed by Defendant at docket no. 12, with the exception that Defendant MDOC must produce copies of Plaintiff's medical and dental records as provided in this order.

## NOTICE TO PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: May 31, 2013

s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Julius Wilson and Counsel of Record on this date.

Dated: May 31, 2013

s/ Lisa C. Bartlett
Case Manager