UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIUS WILSON,

      Plaintiff,                    CIVIL ACTION NO. 12-CV-15652

vs.

                                      DISTRICT JUDGE PAUL D. BORMAN

MICHIGAN DEPARTMENT          MAGISTRATE JUDGE MONA K. MAJZOUB
OF CORRECTIONS, et. al,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** This Court recommends that the motion to dismiss filed by Defendant Michigan Department of Corrections ("MDOC") (docket no. 12) be **GRANTED** and Plaintiff's motion for an extension of time (docket no. 14) be **DENIED**. The Court further recommends that Defendant Williams be dismissed from this action pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

**II.**    **REPORT:**

This matter comes before the Court on the motion to dismiss filed by Defendant MDOC (docket no. 12), and on the Court's duty to screen prisoner civil rights complaints filed against a governmental entity, 28 U.S.C. § 1915A, and review complaints filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B). Plaintiff is incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. (Docket no. 1). On December 26, 2012 Plaintiff filed a *pro se* civil rights complaint pursuant to 28 U.S.C. § 1983 and state law. The named Defendants are the MDOC and prison dentists Dr. Sorrow, Dr. Williams, and Dr. Davis. The complaint alleges that Plaintiff suffered

1

irreparable nerve damage after Defendant Davis broke a needle off in his jaw during a routine tooth extraction and left it embedded in his gums for more than five months without providing adequate pain relief.

On January 7, 2013 the Court granted Plaintiff's application to proceed *in forma pauperis*. (Docket no. 4). Defendant MDOC filed its motion to dismiss on February 15, 2013. (Docket no. 12). Plaintiff then filed a motion requesting an extension of time to file a response to Defendant's motion to dismiss. (Docket no. 14). As of the date of this recommendation, Plaintiff had not yet filed a response to Defendant's motion. The Court is ready to rule on this motion and finds that further delay of this matter is not necessary as the Court is not in need of a response in order to resolve Defendant's motion. This action has been referred for all pretrial purposes. (Docket no. 6). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). The motions are ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

Defendant MDOC argues that it is entitled to Eleventh Amendment immunity with respect to Plaintiff's claims. The Eleventh Amendment bars "all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments," provided the state has not waived its immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Div.,* 987 F.2d 376, 381 (6th Cir. 1993) (citations omitted). The State of Michigan has not consented to section 1983 civil rights lawsuits filed in federal court. *Johnson v. Unknown Dellatifa,* 357 F.3d 539, 545 (6th Cir. 2004) (citation omitted). Furthermore, Congress has not abrogated state sovereign immunity in civil rights actions. *Hutsell v. Sayre,* 5 F.3d 996, 999 (6th Cir. 1993). Consequently, Defendant MDOC's motion to dismiss should be granted and the MDOC should be dismissed from this action.

2

Plaintiff's motion for an extension of time to respond to Defendant's motion (docket no. 14) should be denied.

With respect to Defendant Williams, the complaint alleges that Defendant Williams responded to Plaintiff's Step II grievance form. (Docket no. 1, ¶ 22). This same allegation was reiterated in Plaintiff's motion for leave to file a proposed amended complaint, which was denied by this Court but which alleges that Defendant Williams responded to Plaintiff's Step II grievance form. (Docket no. 16, ¶¶ 30-31).

It is well-established that a defendant is not liable under 42 U.S.C. § 1983 if his or her only involvement in the constitutional violation involved the denial of an administrative grievance or failure to act. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) provide that the district court must dismiss a complaint, or any portion thereof, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. Plaintiff has failed to state a viable claim against Defendant Williams. Consequently, his claims against Defendant Williams should be dismissed.

The Court also finds that Plaintiff's complaint fails to set forth any factual allegations against Defendant Sorrows. However, Defendant Sorrows filed an answer to Plaintiff's complaint and affirmative defenses in which he states that he waited before removing the broken needle based on sound and accepted medical practices. (Docket no. 19 at 11). In light of Defendant Sorrow's affirmative defense and this Court's duty to view the record in the light most favorable to Plaintiff, the Court does not recommend dismissing Plaintiff's claims against Defendant Sorrow at this time.

**III.** **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 31, 2013  s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Julius Wilson and Counsel of Record on this date.


Dated: May 31, 2013            s/ Lisa C. Bartlett
                               Case Manager