UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIUS WILSON,

      Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.
_____/

Case No. 12-cv-15652

Paul D. Borman
United States District Judge

Mona K. Majzoub
United States Magistrate Judge

OPINION AND ORDER
(1) ADOPTING MAGISTRATE JUDGE MAJZOUB'S MAY 31, 2013
REPORT AND RECOMMENDATION (ECF NO. 24),
(2) DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (ECF NO. 14),
(3) GRANTING DEFENDANT MDOC'S MOTION TO DISMISS (ECF NO. 12),
(4) DISMISSING DEFENDANT WILLIAMS
PURSUANT TO 28 U.S.C. § 1915A and 1915(e)(2)(B) and
(5) CONTINUING THIS CASE AGAINST DEFENDANTS SORROW AND DAVIS

      On February 15, 2013, Defendant the Michigan Department of Corrections ("MDOC") filed a motion to dismiss Plaintiff's 42 U.S.C. § 1983 claim against it on Eleventh Amendment immunity grounds. (ECF No. 12.) Plaintiff did not file a timely response. On May 31, 2013, Magistrate Judge Majzoub issued a Report and Recommendation to grant the MDOC's motion, to deny Plaintiff's motion for an extension of time to respond to the MDOC's motion and also to summarily dismiss, under the screening provisions of 28 U.S.C. § 1915A and 1915(e)(2)(B), Defendant Williams. On June 18, 2013, Plaintiff filed a one-page document entitled "Motion for Objection to

1

the Report and Recommendation." (ECF No. 27.) Construing this document as Plaintiff's objection to the May 31, 2013 Report and Recommendation, the Court finds the objections invalid and adopts the Report and Recommendation in full.

## I. BACKGROUND

Plaintiff's *pro se* civil rights complaint, filed pursuant to 42 U.S.C. § 1983 and state law, alleges that he suffered irreparable nerve damage after Defendant Davis broke off a needle in his jaw during a tooth extraction. Plaintiff alleges that his complaints of excruciating pain and requests for pain relief were ignored, and the needle left embedded in his jaw for more than five months before it was finally removed. The MDOC has moved for dismissal from the action on Eleventh Amendment immunity grounds and presently before the Court are Plaintiff's "objections" to Magistrate Judge Majzoub's Report and Recommendation granting the MDOC's motion and also summarily dismissing a separate Defendant, Williams, pursuant to the screening provisions of 28 U.S.C. § 1915A and 1915(e)(2)(B).

## II. STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections must be timely to be considered. A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park,* 183 F.3d 515, 519-20 (6th Cir.1999). "[A] party *must* file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th

Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

Specific objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*. "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

### III. ANALYSIS

In a single sentence without explanation or argument, Plaintiff's "objections" merely refer the Court to arguments he made in another filing that responds in general to "Defendants' dispositive motions." (ECF No. 28, "Brief in Support of Plaintiff's Rule 56(e)(f) Response in Opposition to Defendant's Dispositive Motions and Plaintiff's Rule 57 Motion for Declaratory Judgment.") This document, to which Plaintiff refers the Court as the basis for his unspecified objections, makes no

reference to the Report and Recommendation or the basis for Plaintiff's "objections." Plaintiff does not even make an effort in his "objections" to "pinpoint" any alleged errors in Magistrate Judge Majzoub's May 31, 2013 Report and Recommendation, or to "specify the findings [plaintiff] believed were in error." Plaintiff's objections are invalid and are not therefore entitled to *de novo* review. *Mira*, 806 F.2d at 637 (noting that a district court need not conduct *de novo* review where the objections are general and fail to pinpoint alleged errors).

The Court agrees with Magistrate Judge Majzoub's conclusion that the MDOC is entitled to dismissal on Eleventh Amendment immunity grounds. *See Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (noting that the Sixth Circuit has "consistently held" that the MDOC is immune from suit in federal court under the Eleventh Amendment). The Magistrate Judge thus appropriately denied Plaintiff's request for an extension of time to respond to the MDOC's motion to dismiss. (ECF No. 14.) Further, in the absence of any valid objection, the Court adopts Magistrate Judge Majzoub's recommendation that Defendant Williams should be dismissed pursuant to 28 U.S.C. § 1915A and 1915(e)(2)(B) due to the absence of any allegations against him other than his participation in denying Plaintiff's grievance.

## IV.  CONCLUSION

Accordingly, the Court DENIES as invalid Plaintiff's objections, ADOPTS Magistrate Judge Majzoub's Report and Recommendation, DENIES Plaintiff's Motion for an Extension of Time (ECF No. 14), GRANTS the MDOC's Motion to Dismiss (ECF No. 12) and DISMISSES Defendant Williams pursuant to the screening provisions of 28 U.S.C. § 1915A and 1915(e)(2)(B).

   This case continues against Defendants Sorrow and Davis.

IT IS SO ORDERED.


                s/Paul D. Borman       
                PAUL D. BORMAN
                UNITED STATES DISTRICT JUDGE

Dated: September 23, 2013


## CERTIFICATE OF SERVICE

   The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 23, 2013.


                s/Deborah Tofil        
                Case Manager