# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JULIUS WILSON,

        Plaintiff,                 CIVIL ACTION NO. 12-cv-15652

     v.                             DISTRICT JUDGE PAUL D. BORMAN

MICHIGAN DEPARTMENT       MAGISTRATE JUDGE MONA K. MAJZOUB
OF CORRECTIONS, et al.,

        Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE [51]

This matter comes before the Court on Plaintiff Julius Wilson's Motion to Strike the Motion for Summary Judgment filed by Defendant Ronnie Sorrow, D.D.S. (Docket no. 51; docket no. 49.) Defendant Sorrow filed a Response to Plaintiff's Motion. (Docket no. 52.) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 6.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff filed this *pro se* civil rights action on December 26, 2012, pursuant to 42 U.S.C. § 1983 against the Michigan Department of Corrections and three dentists, Dr. Sorrow, Dr. Davis, and Dr. Williams.[1] Plaintiff is currently on parole; however, the events giving rise to the complaint occurred while he was incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. The complaint alleges that Plaintiff suffered irreparable nerve damage after Defendant

---

[1]The Court dismissed Defendant MDOC and Defendant Williams from this action on September 23, 2013. (Docket no. 32.)

Davis broke a needle off in his jaw during a tooth extraction and left it embedded in his gums for five months without providing adequate pain relief. (Docket no. 1, ¶¶ 5, 11). Plaintiff alleges that Defendant Sorrow failed to act swiftly to alleviate the pain caused by the embedded needle and to provide immediate medical assistance to remove his tooth and the needle. (Docket no. 1, ¶¶ 57-58). Plaintiff sues Defendant Sorrow for violations of the Eighth Amendment in his individual and official capacities. (Docket no. 1, ¶¶ 54-59; Docket no. 36). On November 3, 2013, counsel appeared on behalf of Plaintiff. (Docket no. 34.)

Defendant Sorrow moves for summary judgment under Rule 56 on Plaintiff's individual capacity Eighth Amendment claim. This is Defendant Sorrow's second Motion for Summary Judgment addressing this issue. Defendant Sorrow filed his first Motion for Summary Judgment on June 4, 2013. (Docket no. 25.) The undersigned reviewed Defendant Sorrow's first motion and concluded that Defendant Sorrow was not entitled to summary judgment on Plaintiff's Eighth Amendment individual capacity claim, but he was entitled to summary judgment on Plaintiff's Eighth Amendment official capacity claim. In making the recommendation of denial with respect to Plaintiff's individual capacity claim against Defendant Sorrow, the undersigned suggested that genuine issues of material fact existed as to whether Defendant Sorrow knew the extent of Plaintiff's pain and needlessly allowed him to suffer, and whether the delay in ordering the CT scan and removing the needle from Plaintiff's jaw constituted deliberate indifference. (Docket no. 39 at 7-8.) Neither Plaintiff nor Defendant Sorrow objected to the Report and Recommendation. On March 4, 2014, the Report and Recommendation was adopted. (Docket no. 47.)

On July 25, 2014, the Court entered a Scheduling Order setting October 29, 2014 as the dispositive motion cut-off date. (Docket no. 48.) The Scheduling Order specifically advised that

leave of Court was required to file a second dispositive motion. (*Id.*) On August 22, 2014, Defendant Sorrow filed his second Motion for Summary Judgment. (Docket no. 49.) The second motion makes many of the same arguments previously addressed by the Court. Plaintiff did not respond to Defendant Sorrow's substantive arguments; instead, Plaintiff filed the instant Motion to Strike Defendant Sorrow's Motion for Summary Judgment on the basis that he filed it without first obtaining leave of court. (Docket no. 51.) In response, Defendant Sorrow acknowledges that he failed to seek leave of court before filing his second motion and claims that he had forgotten about the Court's requirement to do so. (Docket no. 52 ¶ 4.) He then asks the Court to consider his Response to Plaintiff's Motion to Strike as a "Motion for Leave to have the Court hear the Motion for Summary Judgment." (*Id.* ¶ 8.) Defendant Sorrow asserts that if the Court grants Plaintiff's Motion to Strike Defendant Sorrow's Motion for Summary Judgment, the Court will have to deal with the same issues raised in Defendant Sorrow's Motion at trial, which would be a waste of time and money for all parties. (*Id.* ¶ 9.)

Eastern District of Michigan Local Rule 7.1(b)(2) states that "[a] party must obtain leave of court to file more than one motion for summary judgment." Ordinarily, the failure to obtain leave is fatal to a defendant's second Motion for Summary Judgment. *Murphy v. Lockhart*, No. 10-11676, 2011 WL 4577162, at *17 (E.D. Mich. Sept. 30, 2011). Defendant Sorrow admittedly did not seek leave of court before filing his second Motion for Summary Judgment. This deficiency is not cured by Defendant Sorrow's request that the Court consider his Response to Plaintiff's Motion to Strike as his motion for leave because such a request is procedurally improper under E.D. Mich. ECF Policies and Procedures Rule 5(e). ("[A] response or reply to a motion must not be combined with a counter-motion.") Accordingly, the Court will grant Plaintiff's Motion to Strike Defendant

Sorrow's second Motion for Summary Judgment for failure to comply with LR 7.1(b)(2).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Defendant Sorrow's Motion for Summary Judgment [51] is **GRANTED**; Defendant Sorrow's Motion for Summary Judgment [49] is stricken.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: February 7, 2015       s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: February 7, 2015       s/ Lisa C. Bartlett
                              Case Manager