UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIUS WILSON,

       Plaintiff,                           Case No. 12-15652

                                                    Paul D. Borman
v.                                          United States District Judge

                                                    Mona K. Majzoub
MICHIGAN DEPARTMENT                United States Magistrate Judge
OF CORRECTIONS, et al.,

       Defendants.
_____/

### ORDER OVERRULING DEFENDANT SORROW'S OBJECTIONS TO MAGISTRATE JUDGE MONA K. MAJZOUB'S FEBRUARY 7, 2015 OPINION AND ORDER, AND AFFIRMING THE 2/7/15 ORDER (ECF NO. 58)

This matter is before the Court on Defendant Sorrow's Objections (ECF No. 59, Objections) to Magistrate Judge Mona K. Majzoub's February 7, 2015 Order Granting Plaintiff's Motion to Strike Defendant Sorrow's Motion for Summary Judgment (ECF No. 58, 2/7/15 Order).  Having reviewed the Order and the Objections pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), the Court concludes that Magistrate Judge Majzoub's rulings were neither clearly erroneous nor contrary to law and accordingly DENIES Defendant Sorrow's Objections and AFFIRMS the February 7, 2015 Order Granting Plaintiff's Motion to Strike Defendant Sorrow's Motion for Summary Judgment.

**I.**       **BACKGROUND**

The background facts underlying this matter are fully and accurately set forth in Magistrate Judge Majzoub's February 7, 2015 Opinion and Order and the Court adopts them here.  (Order, 1-3.)

1

## II. STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)).

This standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). The Sixth Circuit has noted that: "[t]he question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard. . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's

conclusions of law." *Haworth, Inc. v. Herman Miller, Inc*., 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Mattox v. Edelman*, No. 12-13762, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States,* No. 08–12960, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

### III. ANALYSIS

Magistrate Judge Majzoub correctly noted that both this Court's July 25, 2014 Scheduling Order (ECF No. 48), and Eastern District of Michigan Local Rule 7.1(b)(2), expressly required Defendant Sorrow to seek leave of Court to file his second motion for summary judgment. Defendant Sorrow concedes that he did not seek leave by motion before filing his second summary judgment motion. Magistrate Judge Majzoub's conclusion, that this admitted deficiency was not cured by Defendant Sorrow's request that the Court interpret his response to Plaintiff's motion to strike as a motion for leave to file his second summary judgment motion, was neither clearly erroneous nor contrary to law. The Court notes that Defendant Sorrow has now filed a Motion for Leave to file his second summary judgment motion and that motion is currently pending before Magistrate Judge Majzoub.

### IV. CONCLUSION

Accordingly, the Court OVERRULES the Objections and AFFIRMS the 2/7/15 Order Granting Plaintiff's Motion to Strike Defendant Sorrow's Motion for Summary Judgment.

IT IS SO ORDERED.

                                              s/Paul D. Borman  
                                              PAUL D. BORMAN  
Dated: March 25, 2015                 UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 25, 2015.

                                              s/Deborah Tofil
                                              Case Manager