UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIUS WILSON,

               Plaintiff,                          Case No. 12-15652

                                                     Paul D. Borman
v.                                         United States District Judge

                                                       Mona K. Majzoub
MICHIGAN DEPARTMENT                 United States Magistrate Judge
OF CORRECTIONS, *et al.*,

               Defendants.
_____/

OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE MAJZOUB'S AUGUST 4, 2015 REPORT AND RECOMMENDATION (ECF NO. 68), (2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 69), AND (2) GRANTING DEFENDANT DAVIS'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 54)

        This action involves Plaintiff's claim that he was denied adequate medical care in violation of his Eighth Amendment rights while confined as a prisoner at the Robert G. Cotton Correctional Facility in Jackson, Michigan. Before the Court is Magistrate Judge Mona K. Majzoub's August 4, 2015 Report and Recommendation to grant Defendant Dr. Stephen Davis, DDS's Motion for Summary Judgment. (ECF No. 68.) Plaintiff has filed Objections to the Report and Recommendation (ECF No. 69). Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court OVERRULES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report and Recommendation, GRANTS Defendant Davis's Motion for Summary Judgment.

1

## I.       BACKGROUND

The factual background of this matter is adequately set forth in the Magistrate Judge's Report and Recommendation and the Court adopts that summary here. (Report and Recommendation 2-6.) The Court acknowledges the material filed by Plaintiff in support of his Response to Defendant Davis's Motion for Summary Judgment, including Plaintiff's Affidavit filed as Exhibit A to his Response.

## II.      STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*  Objections must be timely to be considered.  A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations.  *Mattox v. City of Forest Park,* 183 F.3d 515, 519-20 (6th Cir. 1999).  "[A] party *must* file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider."  *Id*. (internal quotation marks and citation omitted).  A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than disagree with a magistrate judge's

determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.* "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

## III.   ANALYSIS

This action involves Plaintiff's claim that he was denied adequate medical care in violation of his Eighth Amendment rights while confined as a prisoner at the Robert G. Cotton Correctional Facility in Jackson, Michigan. It is undisputed that on October 17, 2011, Defendant Dr. Stephen Davis saw Plaintiff on an emergency basis to remove a wisdom tooth and, while injecting Lidocaine to the site of the removal, accidentally broke off a portion of the hypodermic needle that became lodged in the soft tissue of Plaintiff's jaw. The needle remained embedded in Plaintiff's jaw until it was removed on February 21, 2012, by Dr. Ronnie Sorrow, DDS. Plaintiff's claims against Dr. Davis relate solely to the various treatments for pain that he received following the accidental incident that caused the needle to break and become lodged in his jaw.

To support a claim of deliberate indifference under the Eighth Amendment, Plaintiff must satisfy both an objective and a subjective component. *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013). The Magistrate Judge observed in her Report and Recommendation

that the parties do not dispute the objective component of Plaintiff's Eighth Amendment deliberate indifference claim, *i.e.* there appears to be no dispute that Plaintiff's pain, suffered as a result of his dental condition, constituted a serious medical need. Thus, the only issue for determination is whether Plaintiff has satisfied the subjective component of his Eighth Amendment claim by demonstrating a genuine issue of material fact that Dr. Davis knew of and consciously disregarded Plaintiff's complaints of pain. The Court concludes that Magistrate Judge Majzoub correctly concluded that Plaintiff has failed to satisfy the subjective component in this case.

At the heart of this dispute is the constitutional distinction in the Eighth Amendment context between a claim asserting a complete failure to provide medical care to an inmate and a claim that the care delivered was inadequate. "In evaluating a deliberate indifference claim, '[w]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment.'" *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)). Unless the care actually delivered is "'so woefully inadequate as to amount to no treatment at all,'" courts are "'reluctant to second guess medical judgments.'" *Id.* (quoting *Westlake*, 537 F.2d at 860 n. 5).

Objections #1 and #2 complain that Magistrate Judge Majzoub ignored statements in Plaintiff's Affidavit offered in support of his Response to Defendant Davis's Motion for Summary Judgment, in which Plaintiff stated that he experienced excruciating pain in his jaw from October 17, 2011 to February 21, 2012, due to the embedded needle and that Dr. Davis refused to prescribe sufficiently strong pain medication to relieve his symptoms. But that Affidavit demonstrates only a difference of opinion over the care the Plaintiff admittedly *did* receive. Objection #3 complains

4

that Magistrate Judge Majzoub erroneously stated that the "undisputed medical evidence" shows that Plaintiff received regular and appropriate treatment for his condition. Plaintiff, however, does not dispute the authenticity of the medical records that demonstrate what medications were ordered, when they were ordered or by whom. Plaintiff suggests that the medical record is "disputed" because it does not accurately reflect his subjective reports of pain. In fact, there is no dispute that the medical records reflect that Plaintiff *was* regularly seen and was prescribed different pain medications by different physicians throughout the relevant period of time. Objection #4 similarly complains that, although Dr. Davis prescribed Toradol, Motrin and Vicodin, this was "inadequate" to relieve Plaintiff's suffering. Plaintiff has presented no evidence that these medications were inappropriate for the treatment of his pain. Rather, Plaintiff complains that these medications were unsuccessful in fully relieving his pain and that his requests for more and stronger medications were disregarded. This amounts to a disagreement with his provider's suggested medical treatment, which the undisputed evidence demonstrates he regularly received between the time the needle was broken off in his jaw and the date it was removed by Dr. Sorrow.

Objections #5 and #6 amount to Plaintiff's disagreement with the legal conclusion that "a disagreement over treatment does not amount to a constitutional violation." Plaintiff believes this to be "a bad and dangerous law." Objection No. 6. But it is the law and Magistrate Judge Majzoub correctly applied it on the facts of this case to conclude that Defendant Davis was entitled to qualified immunity on Plaintiff's claim of deliberate indifference.

Objections #7 and #8 are general objections to Magistrate Judge Majzoub's "failure to give adequate consideration" to the cases cited by Plaintiff in his response to Dr. Davis's motion for summary judgment. Such general objections that do not specifically identify the source of the

claimed error are not valid objections and are not entitled to *de novo* review.

In this case the medical record demonstrates that Dr. Davis treated Plaintiff's condition on an ongoing basis with medications that are appropriate for the treatment of pain. "Plaintiff's preference for narcotics and his dissatisfaction with the non-narcotic pain medications prescribed by Dr. [David] falls far short of supporting an Eighth Amendment claim." *Greenman v. Prisoner Health Servs.*, No. 10-549, 2011 WL 6130410, at *10 (W.D. Mich. Dec. 8, 2011). Magistrate Judge Majzoub correctly concluded that such a disagreement over treatment does not rise to the level of a constitutional violation and that Dr. Davis is entitled to qualified immunity.

## IV.    CONCLUSION

For the foregoing reasons, the Court ADOPTS the Report and Recommendation (ECF No. 68), OVERRULES Plaintiff's Objections (ECF No. 69), and GRANTS Defendant Davis's Motion for Summary Judgment (ECF No. 54).

IT IS SO ORDERED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 24, 2016


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 24, 2016.


s/Deborah Tofil
Case Manager

6